**Lovell DAUGHTERY, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–14867.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

Lovell Daughtery, Petitioner, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Lovell Daughtery has made application to this Court for a writ of habeas corpus seeking his release from his present incarceration in the Oklahoma State Penitentiary pursuant to judgment and sentence entered in the District Court of Jackson County, Oklahoma, for the crime of burglary in the second degree wherein Petitioner was sentenced to seven years imprisonment upon his plea of guilty. Essentially Petitioner alleges that judgment and sentence was invalid in that he was arrested as the result of an illegal search and seizure and that his guilty plea was the result of coercion and lack of representation by counsel.

This Petitioner has previously filed an almost identical petition with this Court. On June 12, 1968, in denying Petitioner habeas corpus release or a post-conviction appeal on his prior application this Court found that the record amply reflected that the Petitioner acknowledged that he had been informed of and understood his constitutional rights and that he waived same, and that with assistance of counsel he entered his plea. Daughtery v. State, Okl.Cr., 442 P.2d 349.

In Application of PettyJohn, Okl.Cr., 359 P.2d 739 this Court held:

"Where a Petitioner files the same petition as was presented in a prior application for habeas corpus, this court having once passed upon the sufficiency of the application and made a determination thereon will not again evaluate the same application."

For the foregoing reasons the application for writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.